BRANHAM *v.* FRANK FULLMER AND
FULLMER STOCKYARDS, INC.

1. Principal and Agent—Undisclosed Principal—Setoff.

One dealing with the agent of an undisclosed principal may
not, in the transaction with the principal, take a setoff which
would be good against the agent where he knew of the
agency or was put on inquiry with respect to it and with
reasonable diligence might have learned of it.

2. Principal and Agent—Undisclosed Principal—Notice—Insol-
vency.

Knowledge that a person with whom one is dealing is insolvent,
or in failing circumstances, or financially incapable of carrying
out a proposed contract can constitute sufficient reason to
put one dealing with him on notice that he is acting as an
agent.

Appeal from Tuscola, James P. Churchill, J. Sub-
mitted Division 2 June 9, 1970, at Lansing. (Docket
No. 5,512.) Decided June 29, 1970. Leave to appeal
denied September 22, 1970. 384 Mich 755.

Complaint by David Branham and Frank Little
against Frank Fullmer and Fullmer Stockyards,
Inc., for monies deducted from the proceeds of a
sale of cattle as a setoff on an unrelated promissory
note of plaintiffs' agent. Judgment for plaintiffs.
Defendants appeal. Affirmed.

---

References for Points in Headnotes

[1] 3 Am Jur 2d, Agency § 327.
[2] 3 Am Jur 2d, Agency §§ 293–299, 302, 326, 327.

*Taylor & Carter,* for plaintiffs.

*Maurice C. Ransford,* for defendant.

Before:   McGREGOR, P. J., and BRONSON and MA-
HINSKE,* JJ.

PER CURIAM.   An agent of the plaintiffs herein
delivered some cattle to the defendants, who then
sold the cattle and received the proceeds from the
sale.   There was, at the time of the sale, a promis-
sory note due and owing by the agent to the de-
fendants, independent of this transaction.   The de-
fendants deducted the amount owed on the promis-
sory note from the proceeds of the unrelated cattle
sale; plaintiffs bring this action to recover the
monies deducted.   The trial court, sitting as the
finder of fact, held that the defendants were not
entitled to the setoff claimed and from this, defend-
ants appeal.

On appeal, defendants argue that, inasmuch as
there was an undisclosed principal, they were en-
titled to the setoff.   The law in this matter is suc-
cinctly stated in 3 Am Jur 2d, Agency, § 327, pp
684, 685.

"The failure of an agent to disclose his principal
to the party with whom he makes a contract does
not entitle such party, when sued on the contract
by the principal, to avail himself of a defense or set-
off which would have been good as against the agent
individually, where he knew of the existence of the
agency, or was put on inquiry in respect thereof,
and with reasonable diligence might have learned of
it.   Even though the agent acts in his own name,
if the third person had any reason to believe that
he was dealing with one who was representing some-

* Circuit judge, sitting on the Court of Appeals by assignment.

one else, he cannot successfully set up such defense or setoff, even though he might not know the identity of the principal";

and

"It is generally held that notice need not extend to the identity of the principal, but it is sufficient if it merely discloses the fact that the agent is acting in a transaction for some third party." 53 ALR 414, 448.

The financial condition of a party (herein the agent) can constitute sufficient reason to put a party on notice as to the existence of an agency relationship, as in the instant case.

"Knowledge that the person with whom one is dealing is insolvent, or in failing circumstances, or financially incapable of entering into and carrying out a proposed contract, has been held to require inquiry as to the existence and rights of an undisclosed principal." 53 ALR 414, 455.

The trial judge had ample basis for his findings, and such findings will not be set aside unless clearly erroneous. GCR 1963, 517.

Affirmed. Costs to plaintiffs.